This is an appeal from the judgment entry of conviction and sentencing of the appellant Anthony Robinson on August 25, 1997, for a violation of R.C. 2923.161 (A), improperly discharging a firearm at or into a habitation together with the specification that he displayed, brandished, indicated possession of or used a firearm in violation of R.C. 2941.145.
As the first assigned error, appellant states the following:
FIRST ASSIGNMENT OF ERROR
 THE NEW SENTENCING SCHEME ERECTED BY S.B. 2 AND 269 VIOLATES THE DOCTRINE OF SEPARATION OF POWERS, UNCONSTITUTIONALLY DIMINISHES THE JURISDICTION OF THE OHIO APPELLATE COURTS, IMPERMISSIBLY GRANTS THE EXECUTIVE BRANCH THE POWER TO DETERMINE FINAL SENTENCES, IS VOID FOR VAGUENESS, AND DEPRIVES APPELLANT OF HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS AND EQUAL PROTECTION. FURTHERMORE, ASSUMING ARGUENDO THAT ANY PART OF THIS LEGISLATION IS CONSTITUTIONAL, APPELLANT'S SENTENCING IN THIS CASE WAS UNREASONABLE AND CONTRARY TO LAW.
Regarding the first part of this assigned error, we first note that the allegations of unconstitutionality involve several fact situations which do not apply to the appellant. For example, appellant obviously has not been deprived of his right to appeal nor has he had his sentence administratively extended. So, he has failed to show how he has been prejudiced in this matter.
Secondly, the trial court did not decide or comment on the issue of constitutionality of the sentencing provisions.
Finally, having read appellant's brief on the ultimate issues as filed in the trial court, we note that this issue was not presented for that court's consideration. A court of appeals is not required to consider issues not raised below. RepublicSteel Corp. v. Bd. Of Revision (1963), 175 Ohio St. 179. This portion of the assignment of error is, therefore, held not to be well taken.
Appellant additionally, for this assignment of error, states that his sentence was unreasonable and contrary to law "because Appellant was sentenced on his underlying offense to a prison term rather that to community control, and to a prison term more lengthy that the minimum term, without the trial court making the proper determination under R.C. 2929.12."
Under R.C. 2929.12, unless a mandatory prison term is required by division (F) of section R.C. 2929.13 or 2929.14, when sentencing, the court is to consider the factors set forth in divisions (B) and (C) of that section relating to the seriousness of the conduct and divisions (D) and (E) of that section relating to the likelihood of the offender's recidivism and, may also consider other relevant factors in exercising its discretion in sentencing.
Appellant claims that the trial court misapplied the language of the statute and merely determined how serious the offense was in general rather than determining whether appellant's particular conduct was more serious than conduct normally constituting the offense.
First, a mandatory sentence was required under R.C. 2929.13
(F) and consecutive sentence was required under R.C. 2929.14(E) which greatly limited the trial court's discretion and the application of R.C. 2929.12 provisions. Next, the trial court's judgment entry states that the court made its sentencing findings "after consideration of the factors under Revised Code Section 2929.12", and found that prison is consistent with the purposes of R.C. 2929.11 and that appellant "is not amenable to an available community control sanction."
Appellant states that the trial court did not consider the seriousness of this particular offense compared to the conduct normally constituting this offense. However, the record reflects (sentencing T.p. 6) that the trial court considered the power of the specific weapon used herein, the casual manner in which the offense was committed, the neighborhood, and the "terrifying experience for everybody that was in that apartment."
In addition, the court stated that it "looked at different factors to determine whether or not probation should be, or community control should be granted in this matter."
Thus, we find that the trial court has substantially complied with applicable statutory language and the first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 APPELLANT'S WIFE, THE STATE'S KEY WITNESS, WAS INCOMPETENT TO TESTIFY AT TRIAL, BECAUSE SHE DID NOT ELECT TO TESTIFY AGAINST APPELLANT AND APPELLANT WAS NOT CHARGED WITH A CRIME THAT INFLICTED PERSONAL INJURY UPON HER OR HER CHILD. WITHOUT HER UNWILLING, IMPROPERLY COMPELLED TESTIMONY, THE EVIDENCE UPON WHICH APPELLANT WAS CONVICTED WAS LEGALLY INSUFFICIENT.
This assignment of error requires an examination of the facts surrounding the commission of the offense.
On New Year's Eve, also the eve of Bobbi Robinson's 23rd birthday, December 31, 1996, appellant, Bobbi's boyfriend at the time, had promised Bobbi that he would take her out for dinner to celebrate. However, when Bobbi arrived at her apartment, number 30 in Building 809 Heritage Court Apartment Complex, with her two year old daughter, Masyn, appellant was there playing cards, drinking alcohol and watching television with some of his friends. Bobbi became upset and the couple had words. Things were thrown and broken. Appellant told his buddies to leave. As they were departing, one of them asked for a gun. Appellant went to the bedroom and retrieved a gun while his buddies waited in the hallway. Bobbi, who was not aware of the gun's presence in the apartment, was further upset and inquired as to what it was doing in her residence. They continued yelling as Bobbi held her daughter in her arms and appellant waved the gun. Bobbi testified that shooting started and as appellant's friends came back into the room, Bobbi left with her daughter. Several other shots were fired. Bobbi went to her neighbor's apartment and waited until appellant and the others left.
Police received a report of a shooting in the area but were unable to find anything that night. The next day Bobbi called the police because there was damage to the apartment and she needed to get it reported. Officer Stidam asked Bobbi what had happened and she told the officer that appellant had shot out the windows of her apartment. She furnished a written statement to that effect. The officer counted twelve 9mm bullet holes in the window and drapery.
Bobbi testified before the grand jury and appellant was indicted and arrested. A trial was had on July 8, 1997. The day before the trial appellant and Bobbi were married and immediately prior to the trial the question of Bobbi's competency to testify was raised as she did not wish to testify against her spouse. The matter was addressed by the court at a hearing in chambers. The trial court stated, pursuant to Evid.R.601, "I think if I have a leasehold interest or an ownership interest of a residence and somebody does damage to the residence, including shooting at it, inside or outside, I think I'm a victim. It's a crime against the testifying spouse or a child of either spouse. I'm going to allow the State to proceed here this morning in spite of the marital status." T.p. 71. Appellant's position is that the crime was not committed against Bobbi. He states that at no time was the gun pointed at her or fired at her and thus Bobbi was not a victim of the crime.
We find that Evid.R. 601 provides the exceptions for the competency of all witnesses to testify. It provides that a spouse is not competent to testify against the other spouse except when a crime against the testifying spouse or a child of either is charged or the spouse elects to testify. As Bobbi elected not to testify in this case, the only way appellant's spouse can be competent to testify is if a crime against her or the child is charged.
The trial court ruled that the damage by shooting of the residence in which she had a leasehold interest was enough to comply with this language. We agree.
Evid.R. 601 does not require the testifying spouse to be a victim of a personal injury crime charge as stated in R.C.2945.42. The rule merely states the exception refers to incidents when a crime against a testifying spouse or child of either is charged. Looking at the facts of this case, the appellant is charged with improperly discharging a firearm at or into a habitation in violation of R.C. 2923.161 (A). The shooting charged took place in the testifying spouse's residence and did damage to her leasehold interest. Therefore, the language of the rule is satisfied and the exception to Bobbi's incompetency is thus not present.
Further, upon balancing the facts as set forth by the record to determine whether any R.C. 2945.42 privilege against adverse spousal testimony promotes sufficiently important interests to outweigh the need for probative evidence in the administration of justice, St. v. Mowery (1982), 1 Ohio St.3d 192, there is no public interest to be served by excluding the spouse's testimony under these circumstances. Not only was a firearm discharged in a habitation injuring the spouse's interest therein, there is also an act against the public regarding the indiscriminate firing of a firearm which should not be affected by any spouse's desire or fears about testifying. The interest of the public should also be protected.
In addition, the acts disclosed by the spouse's testimony were not of a confidential nature. The subject of the testimony is not merely some confidential remark made by the spouse or even some subtle action on his part. It is the shooting of a firearm in the presence or at least in the vicinity of a number of people. So, this is hardly a communication or act that evolves out of the sanctity of marriage. Nor did the act or any conversation testified to actually take place during coverture. The parties were not married at the time and did not marry until approximately six months later. Thus, the basis for the privilege, to promote marital peace, is lacking.
The second assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
SHAW, J., concurs.
BRYANT, P.J.,. dissents.